UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF FIFTEEN PRESS ORGANIZATIONS FOR ACCESS TO SEALED SEARCH WARRANT RECORDS | No. 1:25-mc-136 (JEB) |

**GOVERNMENT'S RESPONSE TO PRESS APPLICANTS'
APPLICATION FOR ACCESS TO SEALED SEARCH WARRANT RECORDS**

The United States of America, by and through the undersigned counsel, respectfully submits this response to the Press Applicants'[1] Application for Access to Sealed Search Warrant Records pertaining to the August 22, 2025, search of John Bolton's Washington, D.C. office (the "Application," Dkt. No. 1). Because compelling reasons weigh against a blanket unsealing of all warrant-related records, including protecting the privacy of certain individuals and the integrity of an ongoing law enforcement investigation that implicates national security, the government asks the Court to adopt the proposed redactions submitted as attachments to the government's *ex parte* Addendum to this Response. The government's *ex parte* Addendum also discusses some of the specific investigative steps that would be compromised by a blanket unsealing.

The Press Applicants seek access to seven categories of documents: (1) the search warrant and Attachments A and B; (2) the warrant application; (3) all probable cause affidavits filed in support of the warrant application; (4) any motion to seal the warrant-related records; (5) any order

---

[1] The fifteen organizations collectively referred to as the Press Applicants are The New York Times Company, Advance Publications, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Axios Media Inc., Bloomberg L.P., Cable News Network, Inc., Dow Jones & Company, Inc., publisher of The Wall Street Journal, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBCUniversal News Group, NOTUS (Allbritton Journalism Institute), POLITICO LLC, Reuters News & Media Inc., WP Company LLC d/b/a The Washington Post, and WUSA-TV.

sealing the warrant-related records; (6) any warrant return; and (7) any other records filed with this Court in connection with the search warrant.[2] Dkt. No. 1-1 at 1. Balancing the public interest against the risk of jeopardizing this criminal investigation related to national security, the government, concurrent with this filing, will separately move to unseal slightly redacted versions of (1) the search warrant and its two attachments, (2) the warrant application, (3) the motion to seal the warrant-related records, (4) the order sealing the records, and (5) the Return summarizing materials seized during the search. The redactions to these documents are necessary to protect the security and privacy of individuals and government personnel. The government will also move to partially unseal, subject to narrowly tailored redactions necessary to protect the integrity of this criminal investigation and the national security of the United States, the affidavit supporting the search.

## PROCEDURAL BACKGROUND

**The Searches**

On August 22, 2025, the FBI executed a search warrant in Washington, D.C., at the office of John Robert Bolton, II, the former Assistant to the President for National Security Affairs ("APNSA") (also known as National Security Advisor). Also on August 22, 2025, the FBI executed a search warrant in Bethesda, Maryland, at Mr. Bolton's home.

**The Maryland Litigation**

On August 26, 2025, the Press Applicants filed a Motion to Intervene and Unseal Search Warrant Records in the U.S. District Court for the District of Maryland seeking access to sealed warrant-related records pertaining to the August 22, 2025, search of Mr. Bolton's home. *In Re Motion to Intervene and Unseal Search Warrant Records*, Case No. 8:25-mc-539-TJS, Dkt. No. 1

---

[2] No other such records have been filed with this Court in connection with the search warrant.

(D. Md.). On September 3, 2025, the government filed its response, *id.* Dkt. No. 7, and submitted to the court redacted versions of all search warrant-related records. On September 4, 2025, the court granted the government's motion to partially unseal (1) the search warrant and its two attachments, (2) the warrant application, (3) the motion to seal the warrant-related records, (4) the order sealing the records, and (5) the Property Receipt summarizing materials seized during the search, all of which were redacted to protect the privacy of individuals and government personnel. *Id.* Dkt. No. 11. On September 10, 2025, the Press Applicants filed their reply. *Id.* Dkt. No. 12.

On September 12, 2025, the court granted in part and denied in part the Press Applicants' Motion to Intervene and Unseal the Search Warrant Records. *Id.* Dkt. No. 14 (attached hereto as Exhibit A). In granting the government's request to unseal the affidavit in accordance with all of the narrowly tailored redactions, the court held that while there is a presumptive right of access to all judicial records and documents, an ongoing, pre-indictment criminal investigation is a compelling interest sufficient to maintain search warrant records under seal. The court also found that a lesser but still important concern was that the disclosure of the redacted information would also compromise the privacy interests of other individuals named in the records who may or may not be a target, subject, or witness in the government's investigation. *See id* at 2-4. The Maryland court then filed on the public docket a copy of the warrant affidavit that contained all of the government's proposed redactions. *Id.* Dkt. No. 15.

**The D.C. Litigation**

On August 29, 2025, the Press Applicants filed substantially the same motion with this Court that they previously filed in the District of Maryland. Dkt. No. 1. The Press Applicants seek access to the warrant-related records pertaining to the search of Mr. Bolton's Washington, D.C. office. *Id.*

3

## ARGUMENT

The government's significant interest in protecting an ongoing national security and criminal investigation outweighs the Press Applicants' interests in a blanket unsealing of the warrant-related records. Generally, the press and the public enjoy a *qualified* right of access to judicial proceedings and the judicial records filed therein. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597-99 (1978); *Matter of the Application of WP Co. LLC*, 201 F. Supp. 3d 109, 128 (D.D.C. 2016). This qualified right of public access derives from two separate sources—the First Amendment and common law. *In re Press Application for Access to Jud. Recs. in Case No. 23-SC-31*, 704 F. Supp. 3d 161, 167 (D.D.C. 2023) (citing *In re L.A. Times Commc'ns LLC (L.A. Times III)*, 628 F. Supp. 3d 55, 62 (D.D.C. 2022)). The Press Applicants assert that they are entitled to the warrant-related records under both the First Amendment and common law, but both arguments fail.

**Press Applicants' First Amendment Argument Fails to Support a Complete Unsealing of the Warrant-Related Materials**

Contrary to the Press Applicants' assertion, courts in this Circuit have never held that the public has a constitutional right to warrant-related records where, as here, the records are related to an ongoing criminal investigation.[3] The limited number of decisions addressing this question have refused to find such a right. *See In re Press Application,* 704 F. Supp. 3d at 175 ("The Court accordingly has little trouble joining the near-unanimous chorus of judicial opinions that the public

---

[3] The government notes that the court in *In re Search of One Device & Two Individuals under Rule 41*, No. 25-SW-82 (ZMF), 2025 WL 1587917, at *9, (D.D.C. May 2025), strongly criticized the government's historical pattern concerning unsealing of search warrant material, but that decision specifically required the unsealing of the court's order and not a search warrant affidavit ("The historical practice as to unsealing *search warrants* has no bearing on the historical practice as to unsealing *judicial orders.*") (emphasis in original). Here, the government is moving to partially unseal, with redactions, all requested warrant-related materials, including the sealing order and affidavit.

4

enjoys no constitutional right to obtain warrant materials relating to an ongoing investigation."); *Computer Pros. for Soc. Resp. v. Secret Serv.*, No. 92-5140, 1993 WL 20050, at *1 (D.C. Cir. 1993) ("there is no clear tradition of public access to search warrant materials related to an ongoing investigation."). This position is consistent with the holdings in other circuits. *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989); *Times Mirror Co. v. Copley Press, Inc.,* 873 F.2d 1210, 1213-19, *amended on rehearing,* (9th Cir. 1989); *United States v. All Funds on Deposit at Wells Fargo*, 643 F. Supp. 2d 577, 583 (S.D.N.Y. 2009).

Assuming, *arguendo*, that the Court examines Press Applicants' First Amendment arguments here, those arguments fail the requisite two prong test and do not support a blanket unsealing of the warrant materials. In cases deciding a First Amendment right of access claim, the Supreme Court has established a two-part inquiry: (1) whether the proceeding has historically been open to the public and press; and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9, (1986) (quoting *Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 606 (1982)). This two-parttest is commonly referred to as the "experience and logic" test. *In re Press Application,* 704 F. Supp. 3d at 173. If a First Amendment right of access applies, the government can still overcome it by showing that continued sealing or closure is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

Under the experience prong, courts, including this one, have described search warrant materials as traditionally *ex parte*, out of the public's view, and highly secret in nature. *See id.* at 174 ("Search-warrant applications traditionally have been filed *ex parte* and thus out of the public's view."); *United States v. All Funds on Deposit at Wells Fargo*, 643 F. Supp. 2d at 583 ("Warrant application proceedings are highly secret in nature and have historically been closed to

the press and public[.]"); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1213 (9th Cir. 1989) ("We know of no historical tradition of public access to warrant proceedings.").

Press Applicants rely on *Matter of the Application of WP Co. LLC* to support the experience prong, but that decision (1) expressly rejected a First Amendment claim and (2) analyzed case law that dealt strictly with investigations that were either closed or were post-indictment. Where, as here, the criminal investigation is ongoing, courts repeatedly stress the *ex parte* and *in camera* process, and do not find that the experience prong is met. *Times Mirror Co.*, 873 F.2d at 1214 (discussing history of the warrant process); *United States v. Pirk*, 282 F. Supp. 3d 585, 598-99 (W.D.N.Y. 2017) (collecting cases); *In re Search of Fair Fin.*, 692 F.3d 424, 430 (6th Cir. 2012) (finding that the press failed the experience prong because, in part, the court found "no evidence . . . of documents filed in search warrant proceedings historically being made open to the press and public" after execution of a search.).

The Press Applicants' argument also fails the logic prong. This Court has found that "disclosing warrant materials mid-investigation would not position the public to play a 'significant positive role in the functioning' of the proceeding," *In re Press Application,* 704 F. Supp. 3d at 174 (quoting *Times Mirror Co.*, 873 F.2d at 1214–15), and would instead result in "'damage to the criminal investigatory process,'" *id.* at 174-175 (quoting *Times Mirror Co.*, 873 F.2d at 1215). The Press Applicants cite to *United States v. Sealed Search Warrants*, 868 F.3d 385, 395-96 (5th Cir. 2017), but that decision gave district courts the express power to "make redactions prior to unsealing or, where necessary, to leave the materials under seal" during an ongoing criminal investigation. *Id*. at 395. Here, the government is doing exactly that and is following the reasoning of the majority of cases that have decided this issue—the government is concurrently filing with the Court a set of proposed redactions to the warrant-related materials given the public's interest.

6

Even were this Court to recognize a First Amendment right of access to search warrant materials during an ongoing criminal investigation, the government has a compelling interest in keeping certain portions redacted and under seal. One special concern of unsealing search warrant materials pre-indictment is the chilling effect it could have on grand jury proceedings. *In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (2d Cir. 1996) ("If pre-indictment proceedings were made public, many prospective [grand jury] witnesses would be hesitant to come forward voluntarily."). Indeed, courts recognize that the search warrant process is but an extension of the grand jury process, given that search warrant materials recovered are then presented to the grand jury to determine whether an indictment should be brought. *Times Mirror Co.*, 873 F.2d at 1219-20.

Other adverse consequences that could result from unsealing an affidavit when the criminal investigation is still ongoing and no charges have been brought include circumstances in which "the identity of unnamed subjects not yet charged would be revealed; there may be mistaken notions concerning who might and might not be cooperating with the government or who may be subjects; there may be misunderstandings about the parameters of the government's investigation; the privacy of the innocent and the implicated would be threatened; and the cooperation of present and potential witnesses could be compromised or influenced." *In re EyeCare Physicians of Am.*, 100 F.3d at 519; *see also WP Co.,* 201 F. Supp. 3d at 127 ("For obvious reasons, ensuring that investigators are able obtain information and assistance from individuals with direct knowledge of criminal conduct is critical to law enforcement efforts and the government's compelling interest in protecting the public."); *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) ("if preindictment proceedings were made public, many witnesses would be hesitant to come

7

forward voluntarily, knowing that those against whom they testify would be aware of that testimony").

Here, all of these concerns are present and are discussed in the government's *ex parte* Addendum.

The Press Applicants rely heavily on the decision of Magistrate Judge Bruce E. Reinhart of the U.S. District Court for the Southern District of Florida in *In re Sealed Search Warrant,* 622 F. Supp. 3d 1257, 1260-65 (S.D. Fla. 2022). In that case, the government initially requested the continued sealing of the entire warrant affidavit before filing a narrowly tailored redacted version along with a partially redacted memorandum of law. *See In re Sealed Search Warrant*, Case No. 9-22-mj-08332-BER, ECF Nos. 59 and 102. Here, the government is similarly filing a set of narrowly tailored proposed redactions to the affidavit and a partially redacted memorandum of law, consistent with the litigation position it has taken in the District of Maryland in this same investigation, which was adopted by that Court. Likewise, this Court should find "the Government has met its burden of showing a compelling reason/good cause to seal portions of the Affidavit . . ." and that "the Government has met its burden of showing that its proposed redactions are narrowly tailored to serve the Government's legitimate interest in the integrity of the ongoing investigation and are the least onerous alternative to sealing the entire Affidavit," *id. at* ECF No. 94, and it should adopt the proposed redactions requested here.[4]

---

[4] Consistent with its positions in the litigation in *In re Leopold*, 964 F.3d 1121 (D.C. Cir. 2020), the government does not concede that production of legal process is necessary in most matters that involve ongoing criminal investigations and/or grand jury investigations. Additional factors in this litigation include the limited unsealing by the Court in District of Maryland of substantially the same material.

**Press Applicants' Common Law Argument Fails to Support a Complete Unsealing of the Warrant-Related Materials**

Turning to the common law, public access to judicial records, including warrants, is analyzed under the six factors set out in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980). The six factors described in the "*Hubbard* test" are: (1) The need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings. *In re Leopold*, 964 F.3d 1121, 1131 (D.C. Cir. 2020).

With regard to the first, second, and sixth factors, the interests of the press and public are satisfied by the release of the redacted warrant-related materials. The government does not dispute the public interest in this investigation. The government also recognizes that some of the information that will be unredacted and unsealed was previously available to the public. But the redacted, still sealed information is sensitive, contains personally identifiable information, or contains information that would jeopardize the investigation if made public. Unsealing partially redacted documents is consistent with this Court's opinion in *In re Press Application,* 704 F. Supp. 3d at 169-171, and with what the district court in the related proceeding in the District of Maryland with the search warrant materials at issue there, *see generally In Re Motion to Intervene and Unseal Search Warrant Records, Case No. 8:25-mc-539-TJS,* Dkt. No. 14.

The third factor favors keeping parts of the warrant-related materials redacted and under seal as "the fact that a party moves to seal the record weighs in favor of the party's motion." *Id.* at 171 (quoting *Zapp v. Zhenli Ye Gon*, 746 F. Supp. 2d 145, 149 (D.D.C. 2010)).

9

Many of the same reasons outlined in the *ex parte* Addendum apply to both the First Amendment analysis and the fourth and fifth *Hubbard* factors. Overall, "the undeniable need to protect an ongoing criminal investigation tips the balance toward the Government's request to continue sealing" portions of the warrant-related materials. *In re Press Application,* 704 F. Supp. 3d at 173.

In sum, the government recognizes that the circumstances here—a search of the office of the former APNSA—involve matters of public concern. But "[t]he mere fact that a case is high profile in nature does not necessarily justify public access." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 294 (4th Cir. 2013). That is especially true when, as here, the government has a compelling and overriding interest in preserving the integrity of an ongoing criminal and national security investigation. In an effort to balance these competing interests, the government seeks to unseal redacted versions of the search warrant-related records, including the affidavit. The proposed redactions are designed to protect the privacy of interested parties, the integrity of an ongoing criminal investigation, and the national security aspects of this investigation. A copy of the proposed redacted warrant-related materials will be submitted as exhibits to the *ex parte* and under seal Addendum.

**CONCLUSION**

For the reasons stated above, the government respectfully requests that the Court deny in part and grant in part the Press Applicants' application by adopting the government's proposed redactions to the search warrant-related records.

Respectfully submitted,

JEANINE F. PIRRO
UNITED STATES ATTORNEY

*/s/ Jocelyn Ballantine*
JOCELYN BALLANTINE (CA Bar No. 208267)
National Security Section
United States Attorney's Office
601 D Street NW
Washington, D.C. 20530
(202) 252-7252
Jocelyn.Ballantine2@usdoj.gov


*/s/ S. Derek Shugert*
S. DEREK SHUGERT (D.C. Bar No. 90013993)
Trial Attorney
Counterintelligence and Export Control Section
National Security Division
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
(202) 616-1051
shawn.shugert@usdoj.gov