# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| In Re: Motion to Intervene and Unseal Search Warrant Records | * | Case No. 8:25-mc-00539-TJS |
|  | * |  |

\*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Intervene and Unseal Search Warrant Records ("Motion") filed by counsel for Intervenors The New York Times Company, *et al.* (collectively, the "Press Movants"). ECF No. 1. Having considered the Motion, the Government's response (ECF No. 7), and the Press Movants' reply (ECF No. 12), I find that no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted in part and denied in part.

The Press Movants seek to unseal judicial records related to a search warrant executed on August 22, 2025, at the residence of John Robert Bolton, II, the former Assistant to the President for National Security Affairs.[1] ECF No. 1. The Government opposes the Motion in part. The Government previously consented to the unsealing of some of the records, including partially redacted versions of the search warrant application, the search warrant and attachments, the search warrant return, and the motion and order sealing the records. *See* ECF Nos. 10 & 11. While the Government consents to the unsealing of a partially redacted version of the search warrant

---

[1] The Press Movants seek access to the search warrant and its attachments; the search warrant application; the affidavit in support of the search warrant; the motion and order sealing the warrant materials; and the search warrant return. As explained below, partially redacted versions of each of these documents have or will be filed in this case, making them available for review by the public. The Press Movants also seek any other records filed with the Court in connection with the search warrant. There are no such records besides the Government's unredacted response to the Motion, which has been carefully reviewed in connection with this Memorandum and Order and will remain sealed.

affidavit, ECF No. 7, it argues that the remainder of the records should remain sealed to protect the integrity of an ongoing criminal investigation and to preserve the privacy of certain individuals while the investigation is ongoing. *Id.*

A U.S. magistrate judge's power to control public access to judicial proceedings and records "falls under the 'additional duties' prong of the Federal Magistrates Act, 28 U.S.C. § 636(b)(3)." *In re Application of the United States for an Order Pursuant to 18 U.S.C. § 2703(d)*, 707 F.3d 283, 289 (4th Cir. 2013). The decision to seal or grant access to "warrant papers is committed to the sound discretion of the judicial officer who issued the warrant." *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)).

"The right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). In accordance with this principle, the public has a right to know the basis upon which a judge issued a search warrant. The right of public access to judicial proceedings and documents derives from two independent sources: the First Amendment and the common law. *Id.* at 290. The Press Movants seek access under the common law, not the First Amendment. ECF No. 1-1 at 7.

Where the public's right of access derives from the common law, there is a presumptive right of access to all judicial records and documents, which can only be rebutted if "countervailing interests heavily outweigh the public interests in access." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014) (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Courts consider "all of the relevant facts and circumstances" under the common law balancing test, including "whether the records are sought for improper purposes, such as promoting public

scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *Goetz*, 886 F.2d at 65; *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). When seeking to maintain search warrant records under seal, it is the Government's burden to demonstrate countervailing interests that heavily weigh against the presumption of public access. *See Rushford,* 846 F.2d at 253.

An ongoing, pre-indictment criminal investigation has been found to be a compelling interest sufficient to maintain search warrant records under seal. *See Buchanan*, 417 F.3d at 431; *see also In re Section 2703(d),* 707 F.3d at 292 (as to records under 18 U.S.C. § 2703(d)); *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1262 (S.D. Fla. 2022). Premature disclosure could compromise the Government's ability to conduct its investigation by undermining its ability to use specific investigative techniques and thwarting its efforts to obtain information from certain sources. Disclosure could also threaten the secrecy of grand jury proceedings or have a chilling effect on witnesses called to testify before the grand jury. *See In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir. 1996). Furthermore, any disclosure could reveal individuals who may or may not be targets, subjects, or witnesses in the Government's investigation. This would not only implicate those individuals' privacy interests and reputations, but could also jeopardize or influence the cooperation of potential witnesses. *Id.* at 519; *see also United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017).

The circumstances in this case involve a matter of significant public concern, making the presumption in favor of public access especially strong. But the "mere fact that a case is high profile in nature does not necessarily justify public access." *In re Section 2703(d)*, 707 F.3d at 294.

Having considered the arguments of the Press Movants and the Government,[2] the Court finds that the Government's proposed redactions to the search warrant records are narrowly tailored to protect its significant interests and sufficient to overcome the public's right to access those records.

The Government has represented to the Court that a criminal investigation remains ongoing. The investigation involves matters of national security and highly classified materials to which the public has no right of access. Disclosing the proposed redacted information could impair the Government's ability to obtain reliable information from witnesses and to rely on specific investigative techniques to further the investigation. Moreover, the public disclosure of highly classified documents at this time may not only hinder the Government's evolving criminal investigation but may also affect issues relating to the national security of the United States. The Court gives great weight to these interests. And although a lesser concern, the disclosure of the redacted information would also compromise the privacy interests of other individuals named in the records who may or may not be a target, subject, or witness in the Government's investigation. The Government has met its burden to demonstrate compelling countervailing interests to overcome the presumptive right of public access at this time. The Court adopts the Government's proposed redactions to the search warrant records (*see* ECF No. 11-1) and to the search warrant affidavit.

In their reply, the Press Movants identify two specific concerns with the Government's redactions to Attachments A and B to the search warrant. ECF No. 12 at 2. Addressing these concerns directly, the Court finds that the redactions are likewise narrowly tailored to the

---

[2] With leave of Court, the Government filed a partially redacted version of its response to the Motion on the public record. ECF No. 7. The Court has reviewed an unredacted copy of the response, which discusses and expands upon the sensitive information contained in the unredacted search warrant records. The unredacted response has been filed under seal at ECF No. 13.

Government's interest in maintaining the integrity of its investigation and in protecting the privacy of certain individuals. Under the circumstances of this particular case, the Government's interest heavily outweighs the public's right of access to the redacted information.

For these reasons, the Motion (ECF No. 1) is **GRANTED IN PART** and **DENIED IN PART**. The Press Movants' request to intervene is granted. And the Motion is granted to the extent that partially redacted search warrant records will be filed on the public docket. The Motion is otherwise denied.

A copy of the redacted search warrant affidavit will be filed contemporaneously with this Order.

Date: September 12, 2025                                     _____/s/_____

                                                            Timothy J. Sullivan
                                                            Chief United States Magistrate Judge