IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF FIFTEEN PRESS ORGANIZATIONS FOR ACCESS TO SEALED SEARCH WARRANT RECORDS | Case No. 25-mc-00136<br><br>Chief Judge James E. Boasberg |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS APPLICANTS' APPLICATION FOR ACCESS TO SEALED SEARCH WARRANT RECORDS**

In its Response to the Press Applicants' Application for Access to Sealed Search Warrant Records ("Resp."), ECF No. 6, the government argued that "compelling reasons weigh against a blanket unsealing" of all records pertaining to the August 22, 2025 search of former presidential advisor John Bolton's office, and the government proposed that redacted versions of the Search Warrant Records be released. This Court accordingly ordered the government to "disclose the sought records with its proposed redactions." *See* Sept. 23, 2025 Minute Order. Those records, with the government's proposed redactions, have now been disclosed to the Press Applicants, and the Press Applicants have made them available to the public.[1]

Releasing records with the government's proposed redactions is an important step toward transparency, but it is not the only step that the right of access requires. Public access to court records "is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). This Court must therefore independently determine whether the government has met its burden to justify sealing and whether the government's proposed redactions are properly tailored. *Cf. In re Application of Politico LLC*, No. 25-mc-7-JEB, 2025

---

[1] *See, e.g.*, https://www.documentcloud.org/documents/26125868-ex-b-to-addendum-all-warrant-materials-redacted-redacted/.

WL 2029757, at *7 (D.D.C. July 21, 2025) (noting that "the Court must determine whether the Government's proposed redactions are sufficiently narrow" and "conclud[ing] that, in certain places, they are not"). Any portion of the Search Warrant Records for which the government cannot satisfy its burden – either under the First Amendment right of access or, at a minimum, the common law right of access – should therefore be unsealed, and any remaining redactions should be only as narrow as this Court, not the government, deems necessary.

## CONCLUSION

For the foregoing reasons and those set out in their initial filing, the Press Applicants respectfully request that the Court grant their application to unseal the Search Warrant Records.

Dated: October 2, 2025            Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Maxwell S. Mishkin*
Maxwell S. Mishkin (#1031356)
Charles D. Tobin (#455593)
Lauren P. Russell (#7567949)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
mishkinm@ballardspahr.com
tobinc@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Applicants*